IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MICHAEL JEROME WHITE, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 7:25-CV-00048 (WLS-ALS) |
| WARDEN JOSHUA JONES, *et al.*, | : |
| Defendants. | : |

**ORDER**

Before the Court is a Report and Recommendation (Doc. 5) from United States Magistrate Judge Alfreda L. Sheppard. In the recommendation, Judge Sheppard recommends that Plaintiff Michael White's claims arising from his treatment at Valdosta State Prison ("VSP") be dismissed without prejudice. (Doc. 5 at 1). And she recommends the Court transfer the remaining claims and White's *in forma pauperis* Motion (Doc. 2) to the Northen District of Georgia. (Doc. 5 at 1).

The Recommendation—filed on June 20, 2025—gave White 14 days to object but he did not. He did, however, file a Motion to Transfer Case to the Northern District of Georgia, signaling at least partial agreement with Judge Sheppard's Report and Recommendation. (Doc. 6). Therefore, the Court reviews the Recommendation for plain error and manifest injustice. *See United States v. Aponte*, 461 F. App'x 828, 830 n.2 (11th Cir. 2012). Upon full review and consideration of the Record, the Court sees one procedural error. The Court may not authorize the commencement of a suit without prepayment of fees or a grant of *in forma pauperis*. 28 U.S.C.A. § 1915. To receive the benefit of this Court's review, Plaintiff's *in forma pauperis* application must first be considered. Therefore, the Court must **REJECT** the Report and Recommendation.[1]

---

[1] The Court notes again that besides this one procedural error, Judge Sheppard's Report and Recommendation is accurate and correct. And the Court's instant review makes the same findings. Unfortunately, as a procedural matter, Mr. White cannot receive the benefit of Judge Sheppard's

1

Under 28 U.S.C. § 1915(a)(1), the Court "may authorize . . . any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." *See also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that § 1915 is designed to provide indigent litigants with meaningful access to courts). In determining whether a litigant may proceed without prepayment of the filing fee, the Court must follow a two-step process. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985), *on reh'g* 792 F.2d 1089 (11th Cir. 1986).

First, the Court assesses Plaintiff's ability to prepay the costs and fees associated with filing a civil case in district court. *See id.* Second, "[o]nly after making a finding of poverty," the Court reviews the validity of the complaint, as required by 28 U.S.C. § 1915(e). *See id.* However, the Court will only review Plaintiff's *in forma pauperis* application as to the claims arising in the jurisdiction of this Court, while reserving the remainder for the Northern District of Georgia's review upon transfer of this case.

At the first step, the Court finds that Plaintiff meets the poverty requirements of 28 U.S.C. § 1915. According to Plaintiff's affidavit, he has a total monthly income of $0. (Doc. 2 at 1). He has no significant assets, and no total monthly expenses because he is incarcerated. (*Id.* at 1-2). Considering the totality of the amounts averred in the IFP Motion, the Court finds that Plaintiff meets the poverty requirements of § 1915 and is unable to pay the entire filing fee. Therefore, Plaintiff's Motion to Proceed IFP (Doc. 2) is **GRANTED**.

At the second step, the Court reviews the validity of Plaintiff's Complaint (Doc. 1). Generally, the Court must dismiss complaints under 28 U.S.C. § 1915(e) that (i) are frivolous or malicious, (ii) fail to state a claim upon which relief may be granted, or (iii) seek monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Watkins v. Joy*, 782 F. App'x 892, 893 (11th Cir. 2019) ("A district court is obligated to dismiss an *in forma pauperis* complaint if it determines that the action fails to state a claim on which relief may be granted." (internal quotation marks omitted)).

---

review before he either pays the filing fee or the Court grants his *in forma pauperis* application. Therefore, the Court now reviews his application and considers his claims de novo.

The Court proceeds to the merits of Plaintiff's Complaint (Doc. 1). In so doing, the Court accepts all factual allegations in the Complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003); *Watkins*, 782 F. App'x at 895 (citing *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008)). The Court construes the Complaint liberally because it is brought pro se. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). This leniency, however, does not afford Plaintiff "special advantages not bestowed on other litigants," nor does it excuse him from obeying all local and procedural rules, including those governing pleadings. *Procup*, 760 F.2d at 1115. The Court will neither be a pro se litigant's lawyer, *see Jarzynka v. St. Thomas Univ. of L.*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004), nor will it rewrite or "fill in the blanks" of a defective pleading. *See Brinson v. Colon*, No. CV411-254, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), *report and recommendation adopted*, No. CV411-254, 2012 WL 1255255 (S.D. Ga. Apr. 13, 2012).

Accordingly, Plaintiff must still comply with Federal Rule of Civil Procedure 8, which requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although a complaint need not contain "detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Similarly, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alterations in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see generally McDowell v. Gonzalez*, 424 F. Supp. 3d 1214, 1220 (S.D. Fla. 2019) (so stating).

At the second step, the Court finds, just as Judge Sheppard did, Plaintiff fails to state an actionable claim against any individual at Valdosta State Prison ("VSP"). He does not identify any VSP official that retaliated against him or violated his constitutional rights.

Therefore, the claims arising from his incarceration at VSP should be dismissed without prejudice. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008).

Thus, the remaining claims arise out of Plaintiff's incarceration at Hays State Prison ("HSP"). The named Defendants are all HSP officials. HSP and the named Defendants are located in the Northern District of Georgia, where the events giving rise to Plaintiff's claims took place. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. Because a dismissal without prejudice of Plaintiff's remaining claims could create statute of limitations problems for him, justice is best served by transferring his remaining claims against Defendants arising from his treatment at HSP and the remainder of his *in forma pauperis* application to the Northern District of Georgia. *See Partee v. Att'y Gen., Ga.*, 451 F. App'x 856, 858 (11th Cir 2012).

After granting Plaintiff's *in forma pauperis* application, White's claims arising from his treatment at VSP are **DISMISSED**, without prejudice. White's remaining claims against Defendants Jones, McCastler, Rollin, and McGee are **TRANSFERRED** to the United States District Court for the Northen District of Georgia along with White's pending *in forma pauperis* Motion (Doc. 2) in connection with those claims. White's Motion to Transfer Case is **DENIED-AS-MOOT**.

**SO ORDERED**, this 13th day of January 2026.

                                                 **/s/ W. Louis Sands**
                                                 **W. LOUIS SANDS, SR. JUDGE**
                                                 **UNITED STATESDISTRICT COURT**